IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CENTIMARK CORPORATION | ) | |
| Plaintiff, | ) | NO.: 2:21-cv-00914-WSS |
| | ) | |
| vs. | ) | |
| | ) | |
| THE TJX COMPANIES, INC., | ) | |
| d/b/a MARSHALLS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANTS THE TJX COMPANIES, INC., d/b/a MARSHALLS TO PLAINTIFF'S COMPLAINT IN DECLARATORY JUDGMENT**

AND NOW come Defendants, The TJX Companies, Inc., d/b/a Marshalls (hereinafter sometimes abbreviated as "TJX" or "Marshalls" when referring to the specific store), by and through their counsel, Wayman, Irvin & McAuley, LLC, who file their Answer, Affirmative Defenses, and Counterclaim, in response to Plaintiff's Complaint in Declaratory Judgment and, in support thereof, aver as follows:

1. After reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint in Declaratory Judgment. To the extent a responsive pleading is required, the same are denied with strict proof thereof demanded at the time of trial.

2. The averments of Paragraph 2 are admitted.

3. The averments of Paragraph 3 are admitted.

4. The averments of Paragraph 4 are admitted in part and denied in part. This Defendant admits that the subject Complaint in Declaratory Judgment "arises out of a contract entered into between the Plaintiff and the Defendant to conduct roof repairs at a Marshalls' location at 13619 South Dixie Highway, Miami, FL 33176." However, this Defendant denies any explicit or implicit averments in Paragraph 4 stating or suggesting that the subject Complaint in Declaratory Judgment has any legal validity.

5. The averments of Paragraph 5 are admitted. By way of further admission, some of the roof leaks which CentiMark was contacted to address were occurring on the roof over the Ladies' Accessories Department.

6. The averments of Paragraph 6 are admitted.

7. This Defendant explicitly denies the averments in Paragraph 7 that the repair work "performed on the roof of the Marshalls" was in fact done pursuant to the terms and conditions of the subject contract. To the contrary, this Defendant believes and therefore avers that Plaintiff had not worked on the part of the roof over the Ladies' Accessories Department, despite Defendant having authorized Plaintiff to do so on two occasions.

8. The averments of Paragraph 8 are admitted in part and denied in part. This Defendant admits that Louis Venerio, a Florida resident, alleges to have slipped and fallen in the South Dixie Highway Marshalls location, after which he allegedly suffered personal injuries. Nevertheless, this Defendant denies the validity of any underlying claim asserted by Florida resident Louis Venerio.

9. The averments of Paragraph 9 are admitted in part and denied in part. This Defendant admits that Mr. Venerio later filed suit in the Circuit Court for the Eleventh Judicial District in and for Miami-Dade County, Florida, Case No. 19-26676 CA (23). However, this Defendant denies any explicit or implicit averments in Paragraph 9 stating or suggesting that Mr. Venerio's underlying suit had any validity in the first instance.

10. The averments of Paragraph 10 are admitted in part and denied in part. This Defendant admits that the action filed by Mr. Venerio named this Defendant, Metropolitan Life Insurance Company, Urban Retail Properties, LLC, and CentiMark Corporation as Defendants. Nevertheless, this Defendant denies any explicit or implicit averments in Paragraph 10 stating or suggesting that the naming of this Defendant as a party in that underlying matter was justified.

11. To the extent that Paragraph 11 purports to summarize the allegations levied by underlying plaintiff Venerio against herein Plaintiff CentiMark, this Defendant herein states that no responsive pleading is required to those averments as they otherwise speak for themselves. To the extent a responsive pleading is required, this Defendant, after reasonable investigation, is without knowledge or information sufficient to support a belief as to the validity of the averments levied by underlying plaintiff Venerio against herein Plaintiff CentiMark. The same are therefore denied with strict proof thereof demanded at the time of trial.

12. To the extent that Paragraph 12 quotes language from the Agreement giving rise to Plaintiff's Declaratory Judgment action, this Defendant admits only that the language therein is accurately quoted. Otherwise, this Defendant herein avers that

3

Paragraph 12 sets forth conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the same are therefore denied with strict proof thereof demanded at the time of trial. To the further extent that a responsive pleading is required, this Defendant denies any obligation to defend and/or indemnify CentiMark under the Terms and Conditions giving rise to this present action.

13. The averments of Paragraph 13 are denied to the extent that Plaintiff misquotes the language of the Agreement giving rise to this cause of action. Specifically, the word "it" should be substituted for the word "and" in the sentence that begins "[p]urchaser irrevocably waives any objection **it** now has or may hereafter have to the convenience, fairness or propriety of said venue." (Emphasis Added). Otherwise, this Defendant admits that Plaintiff has accurately quoted the language from the subject Agreement. This Defendant further admits that jurisdiction and venue for this action is proper either in the Allegheny County Court of Common Pleas or in the United States District Court for the Western District of Pennsylvania.

14. After reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint. To the extent a responsive pleading is required, the same are denied with strict proof thereof demanded at the time of trial.

15. The averments of Paragraph 15 are admitted in part and denied part. This Defendant admits that, after the filing of underlying plaintiff Venerio's lawsuit, a demand was made upon TJX Companies, Inc., to assume the defense and indemnity of CentiMark

in that underlying litigation. However, this Defendant denies that the within referenced request was valid in the first instance.

16. The averments of Paragraph 16 are admitted.

17. The averments of Paragraph 17 are admitted.

18. The averments of Paragraph 18 are denied to the extent that they attempt to characterize the deposition testimony of Rose Singletary, where the testimony of Ms. Singletary otherwise speaks for itself.

19. The averments of Paragraph 19 are denied to the extent that they attempt to characterize the deposition testimony of Rose Singletary, where the testimony of Ms. Singletary otherwise speaks for itself.

20. The averments of Paragraph 20 are denied to the extent that they attempt to characterize the deposition testimony of Rose Singletary, where the testimony of Ms. Singletary otherwise speaks for itself. By way of additional Answer, while this Defendant admits to having knowledge of the defense and indemnity language, this Defendant denies any duty to comply with that clause under the circumstances set forth herein.

21. The averments of Paragraph 21 sets forth conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the same are therefore denied with strict proof thereof demanded at the time of trial.

22. The averments of Paragraph 22 set forth conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the same are therefore denied with strict proof thereof demanded at the time of trial.

23. The averments of Paragraph 23 sets forth conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the same are therefore denied with strict proof thereof demanded at the time of trial.

**WHEREFORE,** Defendant The TJX Companies, Inc., d/b/a Marshalls demands judgment in its favor and against Plaintiff, together with costs of this suit.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Pennsylvania jurisprudence is clear that defense and indemnity clauses that require an indemnitor to defend and indemnity an indemnitee for that indemnitee's own negligence are to be narrowly interpreted in order to comply with the "Perry-Ruzzi Rule."

### Second Affirmative Defense

For an indemnitor to defend and indemnify an indemnitee for that indemnitee's own negligence, the liability covered by that clause must be hazardous, unusual, and/or extraordinary, none of which apply here.

### Third Affirmative Defense

The claim by herein Plaintiff CentiMark for defense and indemnity is premature because it has not made actual payment in the underlying litigation, whether through judgment or settlement.

**Fourth Affirmative Defense**

To the extent that herein Plaintiff CentiMark has only expended legal fees and costs in the defense of the underlying matter, such expenditures alone do not trigger any reimbursement obligation on the part of herein Defendant.

**Fifth Affirmative Defense**

To the extent that herein Plaintiff CentiMark was found not liable in the underlying matter, then it is not entitled to reimbursement of any legal fees and costs because the absence of any negligence on the part of herein Plaintiff has already been determined.

**Sixth Affirmative Defense**

To the extent that herein Plaintiff denied liability in the underlying matter, then herein Defendant is absolved from any obligation to comply with the defense and indemnity clause based on the doctrine of judicial estoppel.

**Seventh Affirmative Defense**

To the extent that herein Plaintiff settled the underlying case with underlying plaintiff Louis Venerio, then it must show that the settlement was reasonable.

**Eighth Affirmative Defense**

To the extent that herein Plaintiff settled the underlying case with underlying plaintiff Louis Venerio, then it must show that underlying claim settled was valid in the first instance.

**Ninth Affirmative Defense**

To the extent that herein Plaintiff settled the underlying case with underlying plaintiff Louis Venerio, then it must show that underlying claim against it was within the scope of the defense and indemnity clause.

**Tenth Affirmative Defense**

To the extent that herein Plaintiff settled the underlying case with underlying plaintiff Louis Venerio, then it must show that its counsel fees and costs were reasonable.

**Eleventh Affirmative Defense**

Prior to underlying plaintiff Louis Venerio's alleged slip and fall on June 13, 2019, herein Plaintiff CentiMark had last worked on the Marshall's roof on April 15, 2019.

**Twelfth Affirmative Defense**

The defense and indemnity clause herein does not apply because the underlying claim concerns the "failure" of CentiMark to provide roofing services, as opposed to the actual providing of roofing services.  Specifically, Plaintiff CentiMark failed to repair the portion of the roof that had been leaking above the accessories department, where it was within that department that underlying plaintiff Louis Venerio allegedly slipped and fell.

**COUNTERCLAIM**

1. Prior to any roofing work done by Plaintiff-Counterclaim Defendant CentiMark, as well as prior to underlying plaintiff Louis Venerio's alleged slip and fall of June 13, 2019, the parties herein entered into a binding contract entitled "Terms and Conditions of Purchase Order."  (See **Exhibit "A,"** attached hereto and incorporated herein by reference.)

2.  With Counterclaim Defendant designated as "Seller," the Introduction of this Purchase Order states, in relevant part, as follows:

> By i) . . . performing the services specified on this Purchase Order, . . . the Seller identified on the Purchase Order ("Seller") agrees to the terms and conditions herein. Any different or additional terms and conditions contained in Seller's acknowledgment form are hereby rejected unless specifically agreed to in writing by an authorized representative of The TJX Companies, Inc. or its relevant affiliate or subsidiary (in either case, "TJX") having authority to approve such change.
>
> . . . these Terms and Conditions of Purchase Order shall govern the transactions contemplated hereby in all respects.
>
> Seller acknowledges and agrees that it has had sufficient opportunity to review this Purchase Order, and that these Terms and Conditions of Purchase Order shall apply as follows:
>
> - Section B below shall apply specifically to the purchase by TJX of the services, if any, identified on this Purchase Order (the "Services");"

\* \* \* \* \* \*

3.  Specifically, section B.2., as found on page 3 of **Exhibit "A,"** addresses indemnification as follows:

> Seller shall defend, indemnify and hold harmless TJX and its customers, officers, directors, employees, and agents, from and against all third party claims to the extent that such claim arises out of or relates to the Seller's acts **or omissions** in connection with the Services. In the event of a claim by a third party, TJX or its legal representative shall promptly notify Seller in writing of any such claim or lawsuit arising out of or in connection with the Services and forward all related documents to the Seller. Seller shall defend any such case at its sole expense. (Emphasis Added).

\* \* \* \* \* \*

9

4. On February 13, 2019, TJX contacted Counterclaim Defendant CentiMark regarding an ongoing leak over the Ladies' Accessories Department, which is the same area where underlying plaintiff Luis Venerio fell on June 13, 2019.

5. CentiMark presented to the subject premises to again perform repairs on February 21, 2019. However, rather than repairing the portion of the roof over the Ladies' Accessories Department, CentiMark repaired the dome roof located at the front portion of the store.

6. Thereafter, in either April or May 2019, TJX again contacted CentiMark for roof repairs because of multiple ongoing leaks, including leaks from the portion of the roof over the Ladies' Accessories Department, which CentiMark had failed to repair in February 2019. Once again, however, CentiMark failed to repair the roof over the Ladies' Accessories Department.

7. On June 5, 2019, only eight days before underlying plaintiff Louis Venerio's alleged slip and fall of June 13, 2019, TJX contacted Counterclaim Defendant CentiMark with a request that it repair some roof leaks, including---once again---over the Ladies' Accessories Department.

8. Only five days later, on June 10, 2019, Marshalls declared an "EMERGENCY" because of additional roof leaks, including over the Ladies' Accessories Department, below which underlying plaintiff Venerio allegedly slipped and fell on June 13, 2019.

9. Although Counterclaim Defendant CentiMark was at the Marshalls store on June 11, 2019, it did **not** repair the roof over the Ladies' Accessories Department as it had been authorized to do on prior occasions.

10. As a direct and proximate result of Counterclaim Defendant CentiMark's failure to provide the authorized roofing services, the leaks over the Ladies' Accessories Department continued, thereby resulting in the alleged slip and fall of underlying plaintiff Venerio and his claimed damages.

11. Following his alleged slip and fall of June 13, 2019, underlying plaintiff Venerio filed a negligence claim against The TJX Companies, Inc., Metropolitan Life Insurance Company, and Urban Retail Properties, LLC in the Eleventh Judicial Circuit for Miami-Dade County, Florida.

12. In March 2020, underlying plaintiff Venerio filed the First Amended Complaint which now included Counterclaim Defendant CentiMark Corporation as a direct defendant. Counterclaim Defendant CentiMark has attached that First Amended Complaint as **exhibit "B"** to its Declaratory Judgment Complaint filed herein.

13. Citing to the Indemnity and Hold Harmless Agreement of the Terms and Conditions of Purchase Order (See **Exhibit "A,"** attached hereto and incorporated herein by reference), Monica Gennuso, Claims Specialist I of Zurich American Insurance Company, requested of Counterclaim Defendant CentiMark that it honor its defense and indemnity obligation owed to The TJX Companies, Inc./Marshalls in the underlying plaintiff Venerio claim. (See the July 24, 2019 letter, attached hereto and incorporated herein by reference as **Exhibit "B**.")

14. In a letter dated October 3, 2019, Jeffrey J. McCarthy, Risk Management Associate of CentiMark Corporation, rejected Zurich's tender request of July 24, 2019. (See **Exhibit "C,"** attached hereto and incorporated herein by reference).

15. Finally, in a letter dated October 17, 2019, underlying defense counsel for The TJX Companies, Inc./Marshalls, Michael J. Carney, Esq., reiterated the request for defense and indemnity upon Counterclaim Defendant CentiMark in a letter dated October 17, 2019, (See **Exhibit "D,"** attached hereto and incorporated by reference).

16. Unfortunately, all requests for tender made by or on behalf of The TJX Companies, Inc./Marshalls were rejected by Counterclaim Defendant CentiMark.

17. As a direct and proximate result of Counterclaim Defendant's refusal to honor its defense and indemnity obligations, The TJX Companies, Inc./Marshalls has been forced to expend approximately Fifty-Three Thousand Dollars ($53,000.00) in litigation fees and expenses, as well as approximately One Hundred and Ninety-Seven Thousand and Five Hundred Dollars ($197,500.00) in settling that underlying Venerio matter.

**WHEREFORE,** Defendant and Counterclaim Plaintiff The TJX Companies, Inc. d/b/a Marshalls demands judgment in its favor and against Plaintiff and Counterclaim Defendant CentiMark Corporation in the amount of Two Hundred and Fifty Thousand Five Hundred Dollars ($250,500.00) plus costs of this suit.

**JURY TRIAL DEMANDED.**

WAYMAN, IRVIN & MCAULEY, LLC

/s/ *Richard S. Canciello*
Warren L. Siegfried, Esquire
wsiegfried@waymanlaw.com
PA I.D. No. 43679
Richard S. Canciello, Esquire
rcanciello@waymanlaw.com
PA I.D. No. 73174
Three Gateway Center, Suite 1700
401 Liberty Avenue
Pittsburgh, PA 15222
Telephone: 412-566-2970
Facsimile: 412-391-1464
*Counsel for The TJX Companies, Inc. d/b/a Marshalls*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer, Affirmative Defenses and Counterclaim has been served by way of this Court's ECF Filing Notification System on the date of this filing, July 21, 2021, to the following:

> Thomas A. McDonnell, Esquire
> tmcdonnell@summersmcdonnell.com
> SUMMERS, MCDONNELL, HUDOCK,
> GUTHRIE & RAUCH, P.C.
> 707 Grant Street
> Suite 2400
> Gulf Tower
> Pittsburgh, PA 15219

        /s/ *Richard S. Canciello*
        Richard S. Canciello, Esquire
        PA I.D. No. 73174

        *Counsel for The TJX Companies, Inc.*
        *d/b/a Marshalls*